UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFLOW LTD., | Civil Action No. 1:25-cv-05035 |
| Plaintiff, | COMPLAINT |
| v. | |
| APTIVIO, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff, SoFlow Ltd. ("SoFlow"), by and through its attorneys, The Fladgate Firm PC, and for its complaint against Defendant, Aptivio, Inc. ("Aptivio"), alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1. This is an action for compensatory damages and to enforce SoFlow's rights under a valid and enforceable agreement signed by Aptivio.

**PARTIES**

2. SoFlow is an Irish corporation with a place of business located at 22 Northumberland Road, Ballsbridge, Dublin 4, Ireland.

3. Upon information and belief, Aptivio, Inc. is a Delaware corporation with a principal address of 530 5th Avenue, 9th Floor, New York, New York 10036.

**STATEMENT OF JURISDICTION**

4. SoFlow alleges that due to Aptivio's wanton and deliberate breach of contract, SoFlow has suffered damages of approximately $100,000, plus costs and interest in accordance with the valid and enforceable agreement between the parties.

1

5. The damages of approximately $100,000 consist of: (a) damages from an unpaid 2023 annual bonus in the amount of EUR20,000.00 (b) damages from an unpaid 2023 deferred fee in the amount of EUR25,000.00, (c) damages from an unpaid agreed upon late fee of EUR12,000.00, (d) damages from an unpaid investors demonstration in the amount of EUR20,000.00, (e) damages from a further unpaid late fee in the amount of EUR17,500.00, and (f) damages from an unreimbursed expenses incurred by SoFlow pursuant to the agreement between the parties in the amount of EUR224.85.

6. As SoFlow is a foreign corporation and Aptivio is a domestic corporation there is complete diversity among the parties and, as the value of the matter in controversy exceeds $75,000, jurisdiction is proper under 28 U.S.C. §1332.

7. As Aptivio transacts business in the State of New York and the Southern District thereof, it is subject to personal jurisdiction in the State of New York by virtue of its submission to such jurisdiction. Therefore, venue is thus proper pursuant to 28 U.S.C. §1391(b) and (c).

## BACKGROUND AND STATEMENT OF FACTS

8. SoFlow is a services corporation wholly owned by Sylvain Montreuil. Mr. Montreuil used SoFlow as the vehicle to enter into an independent contractor agreement with Aptivio.

9. Aptivio is a software company.

10. On or about August 26, 2023, SoFlow and Aptivio, entered into an "Independent Contractor Agreement" ("Agreement"), attached hereto as **Exhibit A**.

11. Pursuant to Schedule A of the Agreement, Montreuil would be the "VP Product Strategy" of Aptivio and report directly to its CEO, Guy Mounier.

12. Generally, SoFlow was to be paid (a) EUR10,000.00 per month, (b) a deferred fee of EUR5,000.00 (deferred until a Series A funding), (c) an annual bonus of EUR60,000.00, and (d) 2 million stock options, vesting 12 to 48 months after execution of the Agreement).

13. By January 2024 Aptivio had failed to make numerous payments pursuant to the Agreement.

14. Accordingly, Mr. Montreuil, on behalf of SoFlow, commenced discussions with Mr. Mounier about the missing payments.

15. During these discussions, on March 5, 2024, Mr. Mounier agreed that unpaid sums should be subject to a 20% late fee stating, "I am OK with the late fee is [sic] it align with the fee paid on business loans and this is essentially a business loan."

16. Mr. Mounier then promised on multiple occasions that payment would be made to SoFlow, including making representations as sending wires.

17. On April 12, 2024, Mr. Mounier told Mr. Montreuil that Aptivio would make a partial payment in the amount of EUR57,000 "next week." Only EUR20,000.00 was paid.

18. Ultimately, as a result of Aptivio's failure to make payment, Mr. Mounier stopped providing services to Aptivio and re-sent final invoices on April 27, 2024 on behalf of SoFlow for the following amounts:

   a. Unpaid 2023 Annual Bonus in the amount of EUR20,000.00;

   b. Unpaid 2023 Deferred Fee in the amount of EUR 25,000.00;

   c. An agreed upon late fee in the amount of EUR12,000.00;

   d. Compensation for preparation of the "V4 Investors Demo" in the amount of EUR20,000.00;

   e. An additional late lee in the amount of EUR17,500.00; and

   f. SoFlow expenses in the amount of EUR224.85.

The above invoices are attached hereto as **Exhibit B**.

19. SoFlow seeks the above as damages.

20. As a result, SoFlow is compelled to file this instant action to enforce its rights.

## CAUSES OF ACTION

### Count I (Breach of Contract)

21. SoFlow realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

22. The Agreement is a valid and enforceable agreement.

23. SoFlow performed all of its obligations under the Agreement in good faith, with due diligence and did not breach such agreement.

24. Aptivio breached the Agreement on multiple occasions by refusing to pay validly issued invoices including, without limitation, invoices that Aptivio acknowledges are undisputed.

25. As a result of Aptivio's breach, SoFlow has suffered loss.

26. By reason of the foregoing, Aptivio is liable to SoFlow for breach of contract in an amount to be determined at trial, but believed to be in excess of $100,000.

### Count II (Account Stated)

27. SoFlow realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

28. SoFlow performed all of its obligations under the Agreement in good faith, with due diligence and did not breach such agreement.

29. For the period from August 2023 through April 2024, SoFlow presented numerous invoices to Aptivio.

30. Aptivio accepted such invoices, did not dispute such invoices, and agreed that such invoices

would be paid.

31. Aptivio has failed and refused to make payment on the accounts stated.

32. By reason of the foregoing, SoFlow has been damaged in the amount of EUR100,484.85 plus costs and interest thereon.

Count III (Unjust Enrichment)

33. SoFlow realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

34. The Agreement is valid and enforceable.

35. SoFlow performed all of its obligations under the Agreement in good faith, with due diligence and did not breach such agreement.

36. SoFlow provided substantial and significant services to Aptivio under the Agreement.

37. Aptivio received the benefit of SoFlow's services from August 2023 through April 2024.

38. As a direct result of SoFlow's services, Aptivio has been enriched by $135,000.

39. In such circumstances, Aptivio has been unjustly enriched.

40. Such unjust enrichment has caused harm to SoFlow.

41. By virtue of Aptivio's improper acts, Aptivio is liable to SoFlow for unjust enrichment in an amount to be determined at trial, but believed to be in excess of $100,000.

Count IV (Quantum Meruit)

42. SoFlow realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

43. SoFlow performed its obligations under the Agreement in good faith.

44. Aptivio accepted the benefit of those services, and continues to receive the benefit of those services.

45. At all times, and pursuant to the Agreement, SoFlow expected compensation in relation to those services.

46. As a direct result of SoFlow's services, Aptivio has been enriched.

47. The value of SoFlow's services is demonstrated by SoFlow providing services to Aptivio over a ten-month period.

48. Accordingly, pursuant to a theory of quantum meruit, Aptivio is liable to SoFlow in an amount to be determined at trial, but believed to be in excess of $100,000.

WHEREFORE, SoFlow demands judgment against Aptivio as follows:

1. On Count I, damages in an amount to be determined at trial, but not less than $100,000;
2. On Count II, damages in an amount to be determined at trial, but not less than $100,000;
3. On Count III, damages in an amount to be determined at trial, but not less than $100,000;
4. On Count IV, damages in an amount to be determined at trial, but not less than $100,000; and
5. An award of costs, pre-judgment and post-judgment interest, an attorneys' fees; and
6. Such other and further relief as the court may deem just and proper.

Dated: June 16, 2025

**THE FLADGATE FIRM P.C.**

By: __/s/ Chris Fladgate__
Chris Fladgate
Bar No. CF1999
305 Broadway, 7th Floor
New York, NY 10007
Tel: (917) 215-8732
Email: cfladgate@fladgatefirm.com
*Attorneys for Plaintiff*